IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Dale Woods,<br><br>              Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-13-2518-PHX-JJT (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

      Petitioner Jeffrey Dale Woods, who is confined in an Arizona State Prison, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) As detailed below, Petitioner's sentence for his Count Two kidnapping charge was .15 years longer than the statutory maximum, in violation of the Eighth Amendment. The Court therefore recommends that the Petition be granted with regard to Ground One and Judge Tuchi reduce Petitioner's sentence from 23.25 to 23.1 years of imprisonment. Petitioner's remaining claims are procedurally barred, not cognizable on habeas review, and/or fail on the merits. Accordingly, the Court recommends that those claims be denied and dismissed with prejudice.

**I.    Procedural Background**

    **A.    Trial Court Proceedings**

      On August 14, 2009, the State filed an indictment charging Woods with four

counts of sexual assault, one count of kidnapping, and one count of burglary in the second degree. (Doc. 13, Ex. A.) On November 4, 2009, Woods pleaded guilty to one count of kidnapping and two counts of attempted sexual assault. (Doc. 13, Ex. C.) The plea agreement stated that Woods would be sentenced, for the kidnapping count, to no fewer than 9.25 years in prison and no more than 23.25 years in prison. (*Id.*) The agreement also stated that Woods would receive lifetime probation for each of the attempted sexual assault convictions. (*Id.*)

On September 3, 2009, the State filed additional charges against Woods in a separate case number. (Doc. 13, Ex. B.)  In the second case, the State charged Woods with two counts of assault, one count of criminal trespass in the first degree, one count of criminal damage, and one count of threatening or intimidating. (*Id.*) On November 4, 2009, Woods pleaded guilty to one count of criminal trespass in the first degree. (Doc. 13, Ex. D.) The plea agreement stated that Woods would be sentenced to no fewer than 0.75 years in prison and no more than 2.75 years in prison. (*Id.*)

On December 1, 2009, the trial court sentenced Woods on all four counts. The court sentenced Woods to a maximum term of 23.25 years in prison for the kidnapping conviction and concurrent terms of lifetime probation for the attempted sexual assault counts (both of those to run consecutively to the kidnapping count). (Doc. 13, Exs. H, I.) It also sentenced him to a maximum term of 2.75 years' imprisonment for the first degree criminal trespass conviction to run concurrently with the kidnapping count. (*Id.*) All of the sentences were within the ranges listed in the plea agreements. (Doc. 13, Exs. C, D.)

**B.     Post-Conviction Proceedings**

On January 25, 2010, Woods filed a notice of post-conviction relief regarding both of the above cases. (Doc. 13, Ex. J.) On June 11, 2010, appointed post-conviction counsel filed a notice of completion, informing the court that after reviewing the record and transcripts, she was "unable to find any claims for relief to raise in post-conviction relief proceedings." (Doc. 13, Ex. L.) On July 20, 2010, Woods filed a *pro se* Petition for Post-Conviction Relief. (Doc. 13, Ex. M.) In the Petition, he raised three issues: (1) ineffective

assistance of trial and PCR counsel, (2) evidence improperly submitted at sentencing, and (3) sentence imposed outside the scope of the plea agreement. (*Id.*) The State responded on September 3, 2010, and Woods filed a reply on September 16, 2010. (Doc. 13, Exs. N & O.) On October 15, 2010, the post-conviction court summarily dismissed Woods' Petition (pursuant to Arizona Rule of Criminal Procedure 32.6(c)). (Doc. 13, Ex. P.)

On November 15, 2010, Woods filed a Petition for Review with the Arizona Court of Appeals. (Doc. 13, Ex. Q.) On August 16, 2012, the Arizona Court of Appeals denied Woods' Petition for Review. (Doc. 13, Ex. S.)

On September 17, 2012, Woods filed a Petition for Review with the Arizona Supreme Court. (Doc. 13, Ex. T.) On December 12, 2012, the Arizona Supreme Court also denied review. (Doc. 13, Ex. U.)

### C.     Federal Habeas Proceedings

On December 11, 2013, Woods filed the present Petition for Writ of Habeas Corpus. (Doc. 1.)

In Ground One, Petitioner alleges his sentence violated state law because he was sentenced to 23.25 years of imprisonment where the statutory maximum was 23.1 years of imprisonment. In Ground Two, Petitioner alleges "the trial court used the historical prior conviction to [increase his sentencing range] but then used this same fact as an aggravating factor to justify imposing an aggravated sentence. . . ." (Doc. 1 at 19.) In Ground Three, Petitioner asserts the court failed to allow him "to withdraw from the plea agreements" after "the State gained a sentenc[e] using several prior felony convictions it promised to give up." (Doc. 1 at 21.) In Ground Four, Petitioner asserts ineffective assistance of counsel, claiming that "trial counsel failed to warn him that the plea agreements" could "be misused" through the misuse of his prior felony convictions. (Doc. 1 at 23.) In Ground Five, Petitioner alleges PCR counsel's failure to file a PCR petition was "clearly ineffective." (Doc. 1 at 24.)

## II.     Exhaustion and Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus

unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been "fairly presented" if the petitioner has described the operative facts and federal legal theories on which the claim is based. *See Baldwin*, 541 U.S. at 33; *Picard v. Connor*, 404 U.S. 270, 277–78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001).

In order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial post-conviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, § 23.3b (4th ed. 1998)).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731–32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review when a petitioner failed to present his

federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

### A. Unexhausted and Procedurally Defaulted Claims – Grounds One, Two, Three, and Five

Ground One is unexhausted because Petitioner never asserted in state court the claim that his sentence exceeded the statutory maximum of 23.1 years imprisonment. Ground Three is unexhausted because Petitioner never asserted in state court that the trial judge erred in failing to allow him to withdraw from his plea. To the contrary, Petitioner consistently asserted that he wanted "to correct the sentence imposed" and "was not attacking the validity of the plea agreement." (Doc. 13, Ex. T at 2.) Ground Five is unexhausted because Petitioner did not previously claim ineffective assistance of PCR counsel.

Ground Two is unexhausted because Petitioner did not raise this argument in state court as a federal claim. Petitioner alleged that "due process requires that any ambiguity in a plea agreement be considered against the government." (Doc. 13, Ex. T at 5.) The remainder of Petitioner's claim was that although "Petitioner and the state agreed on one prior felony," the "trial court used three prior felonies to aggravate Petitioner's sentence." (*Id.* at 6.) Petitioner's sole reference to "due process" is insufficient to exhaust a federal claim. A habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

As stated above, proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. *See Picard*, 404 U.S. at 78 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If

5

a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court."). General and conclusory references to "due process" do not suffice to exhaust a claim that the petitioner's Fourteenth Amendment rights were violated. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (exhaustion requirement is not "satisfied by the mere circumstance that the 'due process ramifications' of an argument might be 'self-evident.'").

Thus, Grounds One, Two, Three, and Five are unexhausted and procedurally defaulted because Petitioner cannot file another appeal or PCR on these issues in state court. Under Rule 31.3, Ariz. R. Crim. P., the time for filing a direct appeal expires 20 days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims. Petitioner is also barred from raising his claims by Arizona's time bars. Rule 32.4, Ariz. R. Crim. P., requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 912 P.2d 1357, 1360 (Ariz. Ct. App. 1995) (applying Rule 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

### B.   Overcoming Procedural Default

Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 732). *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented

by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Finally, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule," a petitioner must show by clear and convincing evidence "that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (*quoting Murray*, 477 U.S. at 496); 28 U.S.C. § 2254(e)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Petitioner does not argue an objective factor external to the defense impeded his efforts to comply with the state's procedural rules and the Court finds that a failure to consider the claims will not result in a fundamental miscarriage of justice.

### C. Respondents' Waiver of Exhaustion of Ground One

On April 21, 2015, the Court inquired if Respondents would waive the exhaustion requirement regarding the sole issue of whether Petitioner's sentence of 23.25 years imprisonment exceeded the statutory maximum. (Doc. 24.) On May 4, 2015, Respondents advised, to their credit, they "will waive the exhaustion requirement for this particular state-sentencing-law claim." (Doc. 26 at 6.) Respondents have the right to waive this requirement. *See* 28 U.S.C. § 2254(b)(2) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

### D.     Exhausted Claim – Ground Four

The Court finds that Petitioner's federal constitutional claim in Ground Four was adequately exhausted in state court. Petitioner alleged a violation of the "Sixth Amendment" when counsel's "failure to object" to a "violation of the pleas" resulted in "prejudice." (Doc. 13, Ex. T at 4.)  Upon review of the briefing to the state courts, the Court finds that these specific claims are more than similar, albeit not identical, to those raised in the Petition before this Court.  Because the Court finds that these claims were presented to the state courts, there is a presumption that they were adjudicated on the merits in those courts. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary .").

**III.     Non-Cognizable Claims – Grounds Two and Three**

Grounds Two and Three are not cognizable in federal habeas proceedings because the arguments are rooted in state law. In Ground Two, Petitioner alleges "the trial court used the historical prior conviction to [increase his sentencing range] but then used this same fact as an aggravating factor to justify imposing an aggravated sentence . . . ." (Doc. 1 at 19.)  Petitioner repeatedly cites to alleged violations of A.R.S. § 13-701 and § 13-703. (Doc. 1 at 18-19.)  In Ground Three, Petitioner asserts the court failed to "allow the Defendant to withdraw from the plea agreements" after "the State gained a sentenc[e] using several prior felony convictions it promised to give up." (Doc. 1 at 21.) Petitioner alleges that based upon a violation of A.R.S. § 13-703, he should have been given an "opportunity to withdraw from the plea agreements." (*Id*.)   The state court's alleged failure to follow state statutes or state procedural rules is not cognizable on habeas review.

Federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding imposition of sentences. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (stating that "federal habeas corpus relief

8

does not lie for errors of state law"); *Hubbart v. Knapp*, 379 F.3d 773, 780 (9th Cir. 2004) ("We may not second-guess the California appellate court's construction of its own state law unless it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue." (internal quotations omitted)).  Petitioner argues his right to due process was violated when the court imposed aggravated sentences in violation of his plea agreement and Arizona statutory law.  Petitioner has not stated a claim for federal habeas relief.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law . . . ."); *Beaty*, 303 F.3d at 986 ("state claims are not cognizable in federal habeas proceedings"). Although Petitioner asserts that his right to due process was violated because the state allegedly did not follow its sentencing statutes and procedures, the characterization of this claim in this fashion does not render it cognizable on federal habeas review.

**IV.    Merits Review**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] 28 U.S.C. § 2244. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

9

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2254(d)(1), "clearly established Federal law" refers to holdings of the Supreme Court in effect at the time the state court rendered its decision. *Greene v. Fisher*, 132 S.Ct. 38, 44 (2011); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) ("A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court."). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 131 S. Ct. at 785 (*quoting Williams*, 529 U.S. at 410). A state court decision involves an "unreasonable application of" federal law if the court identifies the correct legal rule, but applies that rule to the facts of a particular case in an objectively unreasonable manner. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786-87.

### A. Ground One – Sentence Exceeds the Statutory Maximum

In Ground One,[2] Petitioner alleges his sentence violated state law because he was

---

[2] The Court notes that Petitioner may have failed to submit pages 16 and 17 of his argument for Ground One. Although the docketed Petition contains all 45 pages as submitted, Petitioner's numbering at the bottom of the document skips from 15 to 18.

10

sentenced to 23.25 years of imprisonment and the statutory maximum was 23.1 years imprisonment. Petitioner argues the "maximum sentence for these crimes are 2.75 years and 23.1 years for a category two repetitive offender, thus the sentence on the CR 2009-152513 conviction for the kidnapping crime exceeded the range permissible even if the category of repetitive offender used by the sentencing court was correct." (Doc. 1 at 15.)

Petitioner is correct. Under the 2009 version of A.R.S. § 13-703(I), the maximum sentence for a Class Two felony offense with one historical prior felony conviction was 23.1 years imprisonment. *See* Ariz. Rev. Stat. Ann. § 13-703(I) (2009). The plea agreement incorrectly states the statutory maximum for this offense was 23.25 years of imprisonment, which had been the maximum until January 1, 2009.[3] (Doc.13, Ex. C at 1.) Petitioner's offense was committed in 2009, and he was sentenced December 1, 2009. Petitioner's sentence is .15 years too long. Respondents do not contest this conclusion. (Doc. 26 at 4.)

Respondents assert that "errors in the application of state-sentencing laws are not cognizable on federal habeas corpus review." (Doc. 26 at 5.) Respondents are correct. "[F]ederal habeas corpus does not lie for errors of state law." *Estelle*, 502 U.S. at 67 (quoting *Jeffers*, 497 U.S. at 780).

Here, however, Petitioner's claim that his sentence exceeds the maximum authorized by state law properly falls within the scope of federal habeas corpus review because the Eighth Amendment bars a prison sentence beyond the legislatively created maximum. "A sentence that exceeds the statutory maximum has traditionally been viewed as a violation of the [E]ighth [A]mendment's prohibition against cruel and unusual punishment." *Ralph v. Blackburn*, 590 F.2d 1335, 137 (5th Cir. 1979); *Echols v. Thomas*, 33 F.3d 1277, 1279 (11th Cir. 1994) ("Although Echols' sentencing claim ultimately turns on a question of State law, it properly falls within the scope of federal habeas corpus review because 'the [E]ighth [A]mendment bars a prison sentence beyond

---

[3] In 2012, A.R.S. § 13–703(I) was again amended to change the maximum term for a class 2 felony with one historical prior felony from 23.1 to 23 years' incarceration.

the legislatively created maximum." *See also United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990) (generally, "so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds").[4] Thus, the error is not whether the state erred in the application of state law, but whether the sentence violated the Eighth Amendment.

Petitioner's sentence should be amended to the statutory maximum term of 23.1 years. The Court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Pursuant to 28 U.S.C. § 2243, federal courts are authorized to dispose of habeas corpus matters "as law and justice require." "Conceptually, any habeas remedy 'should put the defendant back in the position he would have been in if the [constitutional] violation never occurred.'" *Nunes v. Mueller*, 350 F.3d 1045, 1056–57 (9th Cir. 2003) (quoting *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994)). An adequate remedy "must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Lafler v. Cooper*, 132 S.Ct. 1376, 1388–89 (2012) (quoting *United States v. Morrison*, 409 U.S. 361, 365 (1981)).

Accordingly, Petitioner is entitled to habeas corpus relief on this claim, but only to cure the Eight Amendment violation. Petitioner's sentence should be amended from 23.25 years to 23.1 years of imprisonment on Count Two. The District Court has the authority to order such a remedy. *See Styers v. Schriro*, 547 F.3d 1026, 1034–35 (9th Cir. 2008) (remanding with instructions to grant a writ with respect to defendant's sentence). This will place Petitioner back in the position he would have been absent the error and abides by the mandate in *Lafler* not to create a windfall for either party and not squander

---

[4] Petitioner's argument is premised on the Fourteenth Amendment, not the Eighth Amendment. Nonetheless, a *pro se* habeas petition and any supporting submissions must be construed liberally and with tolerance by the reviewing court. *See*, *e.g.*, *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).

the resources of the State.[5]

### B. Ground Two – Dual Use of Prior Felony Conviction

Petitioner alleges "the trial court used the historical prior conviction to [increase his sentencing range] but then used this same fact as an aggravating factor to justify imposing an aggravated sentence . . . ." (Doc. 1 at 19.) Petitioner argues that it was unfair of the trial court to use the same prior felony conviction to increase his sentencing range and as an aggravating factor. Petitioner then reiterates the point: "Petitioner here argues that it is a violation the Fourteenth Amendment to use the same historical prior both to achieve sentencing enhancement and to impose an aggravating sentence within that sentencing scheme." (Doc. 1 at 19.)

Essentially, Petitioner argues he pleaded guilty to kidnapping with only one prior felony conviction. He contends it was illegal for the court to therefore consider his three other felony convictions as aggravating factors warranting the maximum term of imprisonment. Petitioner agreed to a term of imprisonment "for no less than the presumptive term" of 9.25 years. (Doc. 13, Ex. V at 13.) Petitioner agreed that he had reviewed the plea agreement and understood its terms. (Doc. 13, Ex. V at 8.) A defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining the voluntariness of a guilty plea. *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991). The Court may rely on Petitioner's testimony at his change-of-plea hearing over his subsequent assertions. *See United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984) (stating that a district court may properly credit a defendant's testimony at a hearing regarding entry of a guilty plea over any subsequent declarations to the contrary).

There was no violation of the Fourteenth Amendment when the trial court

---

[5] The Court is mindful that prior to Respondent's filing of its May 4, 2015 Supplemental Response, the State had not briefed this issue at any level. Trial counsel, the trial judge, and PCR counsel did not address the statutory-maximum issue. The Court is not convinced that Petitioner's ability to apply to the Arizona Board of Executive Clemency (Doc. 26 at 7) is a sufficient remedy in this matter, especially given the short term of the excessive sentence.

considered Petitioner's other convictions at sentencing. First, a court may consider prior felony convictions at sentencing. *See United States v. Castillo–Rivera*, 244 F.3d 1020, 1025 (9th Cir. 2001) (holding the district court could consider defendant's prior conviction in imposing sentence enhancement even though such conduct had not been charged in the indictment, presented to the jury, and proved beyond a reasonable doubt); *State v. Shattuck*, 684 P.2d 154, 155 n.l (Ariz 1984) ("Arizona courts have consistently interpreted this statute to allow the sentencing judge to impose an aggravated sentence based on prior conduct even if a conviction for that conduct has not been alleged."). Significantly, the trial court did not aggravate his sentence based upon the prior felony he admitted in his plea agreement. The court stated the following: "Further, the Court finds that he has three other felony convictions, which would constitute an aggravating factor under A.R.S. 13-702." (Doc. 13, Ex. W at 27.)

Second, Petitioner pleaded guilty to a sentencing range enhanced with only one prior felony conviction. Petitioner received the benefit of the plea agreement because he received the opportunity for a lesser sentence than if he pleaded guilty with two prior historical convictions. Petitioner received a lower presumptive sentence (9.25 years vs. 15.75 years) and also faced a lower maximum sentence (23.1 years vs. 35 years). *See* Ariz. Rev. Stat. Ann. § 13-703(I) and (J). Petitioner received the benefit of the bargain he negotiated in the plea agreement.

Third, Petitioner knew the trial court had the discretion to impose a sentence above the presumptive sentence. At sentencing, he addressed the trial court and said: "I ask one more time, Your Honor, to please sentence me with leniency. Please do not aggravate my sentence." (Doc. 13, Ex. W at 25.) When Petitioner requested a presumptive sentence as a lenient sentence, he must have known the court had full discretion to impose an aggravated sentence. The record does not reflect that Petitioner, someone who has previously been sentenced on four prior felony convictions, pleaded guilty "thinking his maximum sentence was 9.25 years" (Doc. 19. at 18) as he now claims.

Based on the record, Petitioner's claim fails. Petitioner agreed he had reviewed

and accepted the provisions of the plea agreement, one of which stated the maximum term of imprisonment exceeded 23 years. Petitioner was aware he could receive an aggravated sentence. The trial court was permitted to consider Petitioner's other prior convictions. Petitioner has not shown that his guilty plea was involuntary and has not established a due process violation. Petitioner's plea was voluntary and intelligent as required by *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) and *Boykin v. Alabama*, 395 U.S. 238 (1969). Therefore, Petitioner cannot show that the state court's rejection of this claim was based on an unreasonable determination of the facts, or that it was contrary to, or an unreasonable application of, established federal law. *See* 28 U.S.C. § 2254(d).

### C. Ground Three – Failure to Provide Opportunity to Withdraw

Petitioner asserts the court failed to "allow the Defendant to withdraw from the plea agreements" after "the State gained a sentenc[e] using several prior felony convictions it promised to give up." (Doc. 1 at 21.) Petitioner's claim is fatally premised upon his argument in Ground Two. Because the court properly considered his other prior felony convictions when it imposed a maximum sentence, the court was not required to grant him an opportunity to withdraw from his plea agreement after sentencing.

Petitioner did not request to withdraw from his agreement, and he has not demonstrated grounds to do so. Rule 17.5, Ariz. R. Crim. P., permits a defendant to withdraw from a plea of guilty "when necessary to correct a manifest injustice." The burden of proof is on the defendant to establish that withdrawal from the plea agreement is necessary to correct that injustice. *See State v. Romers*, 766 P.2d 623, 625 (Ariz. Ct. App. 1988). Here, the trial court did not violate the agreement, thus there was no injustice to correct.

Also, the state court's decision rejecting this argument regarding withdrawal from the plea agreement does not present a federal constitutional issue. *See Langford*, 110 F.3d at 1388–89 (holding that the Montana state courts' application of the state's "good cause" standard to withdraw from a plea does not raise an issue of federal due process). It is "well-established" that there is no right to withdraw from a guilty plea. *Shah v. United*

15

*States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Because there is no "clearly established" federal law on the right to withdraw from a plea, the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

### D. Ground Four – Counsel was Ineffective for Allowing Misuse of Priors

Petitioner asserts that "trial counsel failed to warn him that the plea agreements" could "be misused" through the misuse of his prior felony convictions. (Doc. 1 at 23.) Claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. *Id.* at 687–88. Under the mandate of *Strickland*, Petitioner's trial counsel is subject to a presumption of competency. *Strickland*, 466 U.S. at 689.

The negotiation of a plea bargain is "'a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.'" *Missouri v. Frye*, 132 S. Ct. 1399, 1406 (2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356 (2010)). If counsel has misadvised a defendant about the law during a plea negotiation, or improperly coerced a defendant to accept a plea bargain, counsel's performance may be found deficient. *See Lafler*, 132 S.Ct. at 1384 (counsel's erroneous legal advice about possibility of conviction that led to rejection of plea offer constituted deficient performance). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Id.* at 1387. To satisfy *Strickland*'s prejudice prong when a petitioner has pleaded guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (citations omitted).

Petitioner alleges his attorney was ineffective for allowing a sentence that "didn't stay within the plea agreement terms." (Doc. 1 at 23.) The Court resolved this issue against Petitioner in Ground Two. Petitioner also asserts that he "pled only to non-

dangerous non-repetitive criminal conduct." (*Id.*) Petitioner previously conceded, as he must, that his kidnapping offense was a repetitive offense under the agreement. (Doc. 1 at 18-19.)

Petitioner's conclusory allegation that he was not "warned" his other "prior convictions" could "be added and used to maximize his prison sentence" (Doc. 1 at 23) is insufficient to raise a reasonable question as to the adequacy of his trial counsel. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington*, 131 S.Ct. at 787 (2011) (quoting *Strickland*, 466 U.S. at 688). Petitioner also bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. *See Turner v. Calderon*, 281 F.3d 851, 878 (9th Cir. 2002).

Here, Petitioner knowingly accepted a plea agreement that expressly permitted a term up to 23.25 years. He asked for a lenient, presumptive sentence of 9.25 years despite his claim now that he believed a presumptive sentence was the maximum he could receive. He did not complain at sentencing when the trial court listed his prior felony convictions as an aggravating factor, or when the court imposed sentence. Ultimately, Petitioner asks this Court to believe he was unaware the trial court could consider his criminal history at sentencing. The Court finds this claim incredible in light of the record in this case and considering Petitioner previously had been sentenced on four felony convictions. Accordingly, Petitioner has not established that counsel were ineffective and, thus, he was not shown that the state court's resolution of this claim was contrary to or based on an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

Having determined that counsel's performance was not deficient, and that the state court's determination on that prong was not an unreasonable application of *Strickland,* the Court need not consider *Strickland*'s prejudice prong. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

17

prejudice, . . . that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir.2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.").

### E. Ground Five – PCR Counsel was Ineffective

In Ground Five, Petitioner alleges PCR counsel's failure to file a PCR petition was "clearly ineffective." Petitioner alleges no more except that the supporting facts for this Ground are contained in "the attached memorandum" (Grounds One through Four). (Doc. 1 at 24.) Petitioner's argument is devoid of factual reference or legal citation and is unacceptably vague. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("We have cautioned that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived, and that it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and internal quotation marks omitted).

The Court has found that reducing Petitioner's sentence in Count Two (Kidnapping) to 23.1 years is appropriate. The Court finds PCR counsel was not ineffective for failing to raise other unmeritorious claims presented by Petitioner. *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("PCR counsel would not be ineffective for failure to raise an ineffective assistance of counsel claim with respect to trial counsel who was not constitutionally ineffective").

Accordingly, Petitioner has not shown that the state court's resolution of this claim was based on an unreasonable determination of facts, or that it was contrary to, or based on an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

### V. Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing. (Doc. 1.) Under 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing if he presents a "meritorious claim" and he exercised reasonable diligence in developing the factual record in the state proceedings. *Williams*, 529 U.S. at 434-37. A petitioner exercises the diligence

necessary to preserve a claim if "the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id*. at 435. Thus, to qualify for an evidentiary hearing, Petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005). No hearing is necessary, however, if this Court "is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial . . . ." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991).

Based on its review of Petitioner's claims, as set forth above, the Court finds that except for amending the length of sentence in Ground One, Petitioner has not made any allegations that, if true, would warrant habeas relief, and finds that his allegations (particularly his allegations that he was unaware the trial court could impose an aggravated sentence) are without credibility. Accordingly, an evidentiary hearing is not warranted.

**CONCLUSION**

Based on the above analysis, the Court finds that Petitioner's sentence in Count Two of CR 2009-152513 (kidnapping with one historical prior felony conviction) should be amended from 23.25 years to 23.1 years of imprisonment.

Otherwise, Petitioner's claims are procedurally barred, not cognizable on habeas review, and/or fail on the merits.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **GRANTED** as to Ground One (reducing the length of the sentence to 23.1 years imprisonment in Count Two of CR 2009-152513).

**IT IS FURTHER RECOMMENDED** that the remainder of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of May, 2015.

Honorable John Z. Boyle
United States Magistrate Judge