NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Dale Woods,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>　　　　　　　Respondent. | No. CV-13-2518-PHX-JJT<br><br>**ORDER** |

At issue is Magistrate Judge John Z. Boyle's Report and Recommendation (Doc. 28)(hereinafter the "R&R"), regarding Jeffrey Dale Woods's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner in pro se filed Objections (Doc. 31) to the R&R and Respondent Charles L. Ryan filed no Response to the Objections. After considering all of the above filings, the Court will grant the Petition with regard to Ground One and reduce Petitioner's sentence from 23.25 years to 23.1 years, and deny the remainder of the Petition.

The Court concludes that Magistrate Judge Boyle's analysis of the issues in the R&R is thorough and uniformly correct. Because the R&R exhaustively treated with the facts and procedural history of the underlying criminal matter and the Petition, the Court will not recount them here. Judge Boyle concluded that regarding Grounds Two, Three and Five, involving his claims of the state trial court's inappropriate "duplicative" use of prior convictions, its failure to provide Petitioner with an opportunity to withdraw from his plea, and his PCR counsel's ineffectiveness, Petitioner did not exhaust these claims in

1   state court and that they cannot now be raised in a state forum because they are
2   procedurally barred; moreover, Judge Boyle correctly found that procedural default
3   cannot be overcome on any of those claims because Petitioner cannot show cause for or
4   prejudice resulting from any of them.  The R&R also concluded that while Petitioner did
5   effectively exhaust in state court Ground Four, dealing with his claim that trial counsel
6   was ineffective for allowing misuse of prior convictions at sentencing, and so it was
7   properly before this Court on habeas review, Ground Four nonetheless failed on the
8   merits. In his Objections, Petitioner did not take issue with any of the R&R's
9   recommendations respecting Grounds Two through Five, and they will be dismissed.

10   Petitioner does, however, object to Judge Boyle's recommendations with respect
11   to Ground One—the claim that the state trial court imposed an impermissibly long
12   sentence.[1]  The R&R recognized that at the time of Petitioner's sentencing, the maximum
13   allowable sentence for his kidnap charge was 23.1 years, as provided by the Arizona
14   Legislature's amendment to A.R.S. § 13-703(I) effective January 1, 2009.  But the trial
15   court sentenced him to 23.25 years—the maximum under the version of Section 13-
16   703(I) that had been in effect until January 1, 2009.  Judge Boyle recommended this
17   Court correct the sentence to reflect the correct applicable maximum sentence at the time
18   of sentencing—23.1 years.

19   Petitioner objects to this recommendation, arguing that it does not go far enough.
20   He urges that because his plea agreement referenced a superseded version of Section 13-
21   703(I), this Court should not apply the then-correct version of that statute, or any other
22   version of Section 13-703.  According to Petitioner, A.R.S. § 13-702 is the only valid
23   statute cited by his plea agreement and it limits his sentence to 12.5 years. Petitioner's
24   argument, although not entirely clear, appears to be that this Court should ignore the
25   version of Section 703(I) applicable as of December 1, 2009—the day he was
26   sentenced—because it was not enacted at the time he committed his offenses of

---

[1] Judge Boyle correctly found that Ground One, like Grounds Two, Three and Five, was unexhausted but procedurally defaulted.  But Respondents agreed to waive the exhaustion requirement, allowing this Court to address Ground One on the merits.

1  conviction. This argument misapplies the Ex post Facto clause. Upon enactment, the
2  2009 amendments to Section 13-703(I) operated to *decrease* Petitioner's exposure to
3  incarceration and therefore are not subject to ex post facto. Petitioner's argument that the
4  legal mistake in his plea agreement allowing for an over length sentence constituted a
5  breach of the agreement by the State of Arizona is also incorrect. The remedy for an over
6  length sentence is to reduce that sentence to bring it into line with legal limits, and that
7  shortened sentence is less than what Petitioner knew to be permissible under the plea
8  agreement when he made the agreement.

9  **IT IS ORDERED** accepting, adopting and incorporating by reference Magistrate
10 Judge Boyle's Report and Recommendation and the analysis contained therein (Doc.
11 28).

12 **IT IS FURTHER ORDERED** granting the Petition for a Writ of Habeas
13 Corpus (Doc. 1) on Ground One only, for the reasons set forth above and in more detail
14 in the incorporated Report and Recommendation, and reducing Petitioner's sentence to
15 23.1 years on the kidnap conviction, with all other aspects of the sentence to remain
16 unchanged.

17 **IT IS FURTHER ORDERED** denying the remainder of the Petition for
18 the reasons set forth above and in more detail in the incorporated Report and
19 Recommendation.

20 **IT IS FURTHER ORDERED** denying a Certificate of Appealability because
21 Petitioner has not made a substantial showing of the denial of a constitutional right.

22 Dated this 27th day of July, 2015.

Honorable John J. Tuchi
United States District Judge